## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Chandramouli Vaidyanathan,                      Civil No. 09-1212 (DWF/JSM)

        Plaintiff,

v.                                                   **MEMORANDUM**
                                                    **OPINION AND ORDER**

Seagate US LLC, a Delaware
limited liability company; and Seagate
Technology, LLC, a Delaware limited
liability company,

        Defendants.

---

Brent C. Synder, Esq., Stephen J. Snyder, Esq., and Craig A. Brandt, Esq., Snyder & Brandt, P.A., counsel for Plaintiff.

Stephanie D. Sarantopoulos, Esq., Holly M. Robbins, Esq., Marko J. Mrkonich, Esq., and Rhiannon C. Beckendorf, Esq., Littler Mendelson, PC, counsel for Defendants.

---

## INTRODUCTION

      This matter is before the Court on a Motion for Judgment as a Matter of Law, a New Trial, or Remittitur brought by Defendants Seagate US LLC and Seagate Technology, LLC (collectively, "Seagate"). For the reasons set forth below, the Court denies Seagate's motion.

# BACKGROUND

Plaintiff Chandramouli Vaidyanathan ("Vaidyanathan") is a semiconductor yield engineer. Seagate makes and sells computer hard drives and storage solutions. Seagate employed Vaidyanathan from February until December 2008. In his Complaint, Vaidyanathan alleges that Seagate made misrepresentations that induced him to accept a position at Seagate and move from Texas to Minnesota. Vaidyanathan asserted two claims: a violation of Minn. Stat. § 181.64 and a common-law promissory estoppel claim.

On July 21, 2010, the Court denied Seagate's Motion for Summary Judgment, finding that genuine factual disputes existed as to whether Seagate made false representations regarding the position and, if so, whether the representations were known to be false. (Doc. No. 85 at 7-8.) On November 16, 2010, Seagate moved for judgment as a matter of law after the close of Vaidyanathan's case. The Court denied this motion, ruling that if the evidence is viewed in the light most favorable to Vaidyanathan, the jury could find in his favor on the statutory claim. (Doc. No. 220 at 972.) Vaidyanathan's statutory claim was submitted to the jury, and the promissory estoppel claim was submitted to the Court.

On the statutory claim, the jury found that Seagate made a knowingly false representation to Vaidyanathan regarding the kind or character of the work he would perform and that Seagate's knowingly false representation induced Vaidyanathan to move from Texas to Minnesota. The jury found that Vaidyanathan sustained damages of $1,900,000 in consequence of the knowingly false representation. The Court entered

judgment in favor of Vaidyanathan on the statutory claim but dismissed his promissory estoppel claim with prejudice. (Doc. No. 183 at 11.)

## DISCUSSION

**I.      Judgment as a Matter of Law**

The Court must decide as a matter of law whether the evidence was sufficient to create an issue of fact for the jury. *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir. 1979). In considering a motion for judgment as a matter of law, the Court must: (1) consider the evidence in the light most favorable to the prevailing party; (2) assume that the jury resolved all conflicts in the evidence in favor of the prevailing party; (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. *Haynes v. Bee-Line Trucking Co.*, 80 F.3d 1235, 1238 (8th Cir. 1996). "Reversible error occurs '[o]nly when there is a complete absence of probative facts to support the conclusion reached.'" *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 688–89 (8th Cir. 2001) (quoting *Lavender v. Kurn*, 327 U.S. 645, 653 (1946)).

**A.      Representation Concerning the Kind or Character of Work**

Seagate first contends that no reasonable jury could have found, based on the record at trial, that Seagate misrepresented the kind or character of work Vaidyanathan would perform. Seagate asserts that the trial record contains no evidence of such a misrepresentation and that Vaidyanathan's argument to the contrary depends entirely on Vaidyanathan's own assumptions.

Seagate relies on *Anderson v. Alorica, Inc.*, No. 03-cv-3248-RHK-JSM, 2004 WL 1118635 (D. Minn. May 18, 2004), for the proposition that Vaidyanathan's assumptions do not support a cause of action under Minn. Stat. § 181.64. In *Anderson*, the plaintiff alleged that she accepted a position after being led to believe a "baseline" existed for software that she was hired to implement. *Id.* at *3. The *Anderson* plaintiff identified three statements as the allegedly false representations, but none of the statements involved an assertion by the defendant that a baseline existed. *Id.* at *4. Summary judgment was granted for the defendant because it could not be reasonably inferred from the identified statements that the defendant had made knowingly false representations regarding the existence of a baseline. *Id.*

The Court respectfully rejects Seagate's assertion that insufficient evidence exists to support the jury's finding that Seagate misrepresented the kind or character of work Vaidyanathan would perform. Here, the jury was permitted to accept Vaidyanathan's testimony that he never performed the specific technical job responsibilities identified on the job description Seagate provided. Vaidyanathan also testified to representations made during interviews and phone conversations with Seagate employees regarding the yield engineering position. While Vaidyanathan's understanding of the position may have been due in part to a lack of diligence, Seagate's specific misrepresentations distinguish the present case from the facts in *Anderson*. The evidence at trial provides a basis for the jury's conclusion that Seagate misrepresented the kind or character of the work Vaidyanathan was hired to perform. Seagate therefore is not entitled to judgment as a matter of law on this basis.

**B.     Knowingly False**

Seagate next contends judgment as a matter of law should be granted based on a lack of evidence that any false representations were made "knowingly." Seagate argues that the statute requires proof of a specific intent to deceive and is limited to intentional misrepresentations. Seagate objects to the Court's jury instruction on "knowingly false," asserting that the Court instructed the jury to apply a recklessness standard. Seagate contends that even under a recklessness standard the evidence does not support a finding of a knowing misrepresentation by Seagate.

The Court continues to conclude that the question of whether Seagate made a "knowingly false" representation involved factual issues that were properly submitted to the jury. Here, reasonable persons could differ as to the conclusions to be drawn from the evidence advanced at trial. And although the Court would not have made the same credibility determinations as the jury, the Court cannot substitute its judgment for that of the jury. In other words, although this Court found, in denying Vaidyanathan's promissory estoppel claim, that Seagate's witnesses believed the promise made to Vaidyanathan regarding the offered position at the time that promise was made, the Court finds that the jury's conclusions are supported by the evidence presented and Seagate is not entitled to judgment as a matter of law. Seagate's contentions regarding the proper standard under which to instruct the jury are a strictly legal argument and are discussed below.

### C. Damages

Seagate next contends judgment as a matter of law should be granted based on the damages awarded by the jury. Seagate first argues that any injury to Vaidyanathan was caused not by representations made during the hiring process but rather by his termination nine months later. Seagate next asserts that the jury's damages award is speculative and not supported by evidence in the record. Seagate also argues that the jury based the award on an improper measure of damages.

The Court respectfully rejects Seagate's arguments. The statute provides for "recovery of all damages sustained in consequence of" the false representations. The evidence presented at trial was sufficient to allow the jury to conclude that, notwithstanding Vaidyanathan's termination nine months later, the claimed damages were "sustained in consequence of" Seagate's representations during the hiring process.

The record also contains a sufficient factual basis for the amount of damages awarded. Vaidyanathan testified that his career as a yield engineer was over. His expert testified regarding the income Vaidyanathan would have received had he remained at Texas Instruments and the income Vaidyanathan now expected to receive if he was unable to work as a yield engineer. Again, although the Court would not have made the same credibility determinations as the jury, the Court cannot substitute its judgment for that of the jury. The Court finds that the jury's conclusions are supported by the evidence presented. The Court declines to deviate from its earlier ruling regarding the proper measure of damages under Minn. Stat. §§ 181.64-.65. Seagate is not entitled to judgment as a matter of law on damages.

### D. At-Will Employment Doctrine

Seagate asserts that it is entitled to judgment as a matter of law because the jury verdict is inconsistent with Minnesota's at-will employment doctrine. Vaidyanathan responds that Seagate's argument lacks legal authority and that any inconsistency with the doctrine is attributable to the statute itself. The Court concludes that Seagate is not entitled to judgment as a matter of law on this ground.

## II. New Trial

In the alternative, Seagate moves for a new trial pursuant to Rule 59. Seagate asserts that the jury's verdict is against the weight of the evidence. Seagate also asserts that errors and misconduct by Vaidyanathan's counsel provide an independent basis for a new trial.

Under Rule 59, the Court may grant a motion for a new trial to all or any of the parties on all issues or on particular issues. Fed. R. Civ. P. 59(a). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). The Eighth Circuit has stated that:

> [A] trial court may not grant a new trial simply because the trial court would have found a verdict different from the one the jury found. This is certainly a necessary condition to granting a motion for new trial, but it is not a sufficient one. Rather, the trial court must believe, as we have already said, that the verdict was so contrary to the evidence as to amount to a miscarriage of justice.

*Id*. Evidentiary errors warrant a new trial only "when the cumulative effect of the errors is to substantially influence the jury's verdict." *Williams v. Kansas City, Mo.*, 223 F.3d 749, 755 (8th Cir. 2000).

7

### A. The Weight of the Evidence

Seagate asserts that it is entitled to a new trial because the jury reached its verdict against the weight of the evidence. As discussed above, the Court concludes that the jury's verdict was not without an evidentiary basis. Although reasonable persons could differ regarding the conclusions to be drawn from the evidence presented, the jury's verdict was not so contrary to the evidence as to amount to a miscarriage of justice. The Court therefore denies Seagate's request for a new trial on this ground.

### B. Asserted Errors

Seagate also asserts that a series of errors and misconduct by Vaidyanathan's counsel at trial led to a manifestly unjust verdict. The Court concludes, for the reasons discussed below, that none of the asserted errors individually requires a new trial. The Court concludes further that Seagate has failed to establish that the cumulative effect of the asserted errors substantially affected the jury's verdict. Accordingly, the Court denies Seagate's request for a new trial.

#### 1. Jury Instruction on "Knowingly False"

Seagate asserts that it is entitled to a new trial because the Court erred in providing the following instruction to the jury: "A person's statement is knowingly false if at the time the false representation was made, the person knew the representation was false or the person represented that he knew about the facts when he did not know if the facts were true or false." (Doc. No. 191 at 31.) Seagate asserts that because Minn. Stat. §§ 181.64-65 provides for both civil and criminal liability, the statute requires

proof of a specific intent to deceive.  Seagate argues that the Court's instruction required only a finding of recklessness.

Seagate contends further that the jury was confused by this instruction.  Seagate bases its contention on the jury's question during deliberation:

> We want to clarify "or the person represented that he knew about the facts when he did not if the facts were true or false."
> Is it a misrepresentation if you thought your statement was true but did not know if the facts were true or false?

(Doc. No. 178.)  The Court answered:

> A person's statement is knowingly false if, at the time the false representation was made, the person knew the representation was false or the person represented that he knew about the facts when he did not know if the facts were true or false.  You cannot have a knowingly false representation if you think the statement is true.

(*Id.*)

The Court denies Seagate's request.  Seagate has not identified, and the Court was unable to locate, any case construing the phrase "knowingly false" in section 181.64.  Seagate has also not directed the Court to any other Minnesota statute, whether civil or criminal, in which "knowingly false" has been given the narrow construction requested by Seagate.

Given this lack of guidance, the Court ruled that the knowledge element of "knowingly" is most akin to a fraud in the inducement case.  (Doc. No. 221 at 1450.)  The Court therefore based its instruction in substantial part on the most common

9

definition accepted in Minnesota State Court in the fraud and misrepresentation context.[1] (*Id.* at 1449.) Section 181.64 is a Minnesota statute, and the Court's instruction is based on Minnesota Civil Jury Instruction Guide 57.10. The Court's instruction properly indicated to the jury that it could find for Vaidyanathan based on a representation that was either knowingly false as to the truth of the representation or knowingly false as to the person's knowledge of the facts represented.

The Court also rejects Seagate's assertion that the jury's question during deliberation demonstrates confusion and supports the grant of a new trial to Seagate. Indeed, to the extent the Court's response to the jury question modified the original instruction, any modification was more favorable to Seagate than Vaidyanathan. The Court denies Seagate's request for a new trial on the grounds that the Court erroneously instructed the jury on the definition of "knowingly false."

### 2. Closing Argument

Seagate next asserts that it is entitled to a new trial because Vaidyanathan's counsel made improper closing arguments. Seagate contends that Vaidyanathan's counsel improperly told the jury to "send a message." Seagate also asserts that Vaidyanathan's counsel misrepresented the facts and circumstances related to testimony by former Seagate employee Antoine Khoueir, including suggesting that Seagate bore the burden of proof and of calling witnesses.

---

[1] Seagate cites *Kanner v. Fairmont Foods of Minnesota, Inc.*, No. C1-99-568, 2000 WL 31790 (Minn. Ct. App. Jan. 18, 2000) for its argument that section 181.64 is not identical to civil fraud. The Court notes, however, that *Kanner* involved the scope of "kind or character of work" and did not address the proper interpretation of "knowingly false."

The Court disagrees. While the "send a message" argument was improper, the Court gave a curative instruction to the jury, thereby removing any prejudice. The Court also sustained an objection regarding the burden of proof. The Court properly instructed the jury regarding the proper burden of proof, however, and declined to give an additional curative instruction. (Doc. No. 191 at 6-7.) The interests of justice do not require a new trial on the basis of Vaidyanathan's counsel's closing argument.

### 3. Expert Testimony

Seagate next contends that the Court's rulings on the admissibility of certain expert testimony require a new trial. Seagate asserts that permitting James Jensen to provide expert testimony regarding the meaning of the term "yield engineering" was unduly prejudicial. Seagate also asserts that the Court's handling of Seagate's and Vaidyanathan's damages experts was reversible error. Each of these experts was the subject of *in limine* motions, and Vaidyanathan responds that Seagate has not identified any expert testimony that was contrary to those rulings and that Seagate's arguments were already rejected by the Court.

The Court concludes that its rulings relating to expert testimony do not warrant a new trial. First, as to James Jensen, Seagate's arguments go to the weight and credibility of the testimony and are not grounds for a new trial. Second, as to the damages experts, the Court in its *in limine* ruling precluded both parties from offering expert testimony regarding how long Vaidyanathan would be out of work. (Doc. No. 214 at 123.) The Court permitted each party to offer expert testimony on the income Vaidyanathan would have earned had he not been out of work for a given time period. (Doc. No. 214 at 126.)

The Court finds that it properly addressed these issues in its ruling on the parties' motions *in limine*. Accordingly, the Court denies Seagate's motion for a new trial on this issue.

### 4. Vaidyanathan's Laptop

Seagate contends it is entitled to a new trial because the Court permitted Vaidyanathan to present evidence regarding the re-imaging of his company laptop after termination of his employment. Seagate asserts that this issue was resolved during pretrial discovery and allowing Vaidyanathan to raise the issue during trial served only to prejudice Seagate. Vaidyanathan responds that the Court already addressed Seagate's argument in ruling on Seagate's motion *in limine* on this issue and that the evidence offered was consistent with that ruling. Vaidyanathan also responds that the testimony regarding the laptop did not cause any manifest injustice, particularly given the Court's ruling declining to give the spoliation instruction requested by Vaidyanathan. The Court concludes that the interests of justice do not require a new trial on this ground.

## III. Remittitur

Seagate alternatively requests that the Court grant remittitur. "Remittitur is appropriate 'only when the verdict is so grossly excessive as to shock the conscience of the court.'" *Sheriff v. Midwest Health Partners, P.C.*, 619 F.3d 923, 931 (8th Cir. 2010) (quoting *Eich v. Bd. of Regents for Cent. Mo. State Univ.*, 350 F.3d 752, 763 (8th Cir. 2003)). Seagate asserts that the judgment is excessive as a matter of law for the reasons identified in Seagate's arguments for judgment as a matter of law or a new trial. As discussed above, the Court disagrees. The Court therefore denies Seagate's request for remittitur.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Defendants' Motion for Judgment as a Matter of Law, a New Trial, or Remittitur (Doc. No. [197]) is **DENIED.**

Dated:  March 11, 2011                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge