UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chandramouli Vaidyanathan,            Civil No. 09-1212 (DWF/JSM)

       Plaintiff,

v.                                                        **MEMORANDUM**
                                                         **OPINION AND ORDER**

Seagate US LLC, a Delaware
limited liability company; and Seagate
Technology, LLC, a Delaware limited
liability company,

       Defendants.

---

Brent C. Synder, Esq., Stephen J. Snyder, Esq., and Craig A. Brandt, Esq., Snyder & Brandt, P.A., counsel for Plaintiff.

Stephanie D. Sarantopoulos, Esq., Holly M. Robbins, Esq., Marko J. Mrkonich, Esq., and Rhiannon C. Beckendorf, Esq., Littler Mendelson, PC, counsel for Defendants.

---

**INTRODUCTION**

This matter is before the Court on a Motion for Award of Attorneys' Fees brought by Plaintiff Chandramouli Vaidyanathan. For the reasons set forth below, the Court grants in part and denies in part Vaidyanathan's request for attorney fees.

**BACKGROUND AND DISCUSSION**

Vaidyanathan's Complaint alleged that Defendants Seagate US LLC and Seagate Technology, LLC (collectively, "Seagate") made misrepresentations that induced him to accept a position at Seagate and move from Texas to Minnesota. He asserted two claims:

a statutory claim based on Minn. Stat. §§ 181.64-.65 and a common-law promissory estoppel claim. On the statutory claim, the jury found for Vaidyanathan and awarded $1,900,000 in damages.

In addition to damages sustained for a violation of section 181.64, section 181.65 grants "the right to recover such attorney fees as the court shall fix, to be taxed as costs in any judgment recovered." Minn. Stat. § 181.65. Vaidyanathan now seeks an award of attorney fees in the amount of $576,507. Seagate opposes the motion. Seagate asserts that the requested total is excessive on its face and seeks to recover for work that was unnecessary, duplicative, and otherwise unreasonable.

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

As an initial matter, Seagate requests that the Court stay the determination on fees pending appeal. Seagate asserts that it believes the jury verdict will not stand and that determining fees at this point is inefficient. Vaidyanathan responds that the briefing is complete and a decision on the fee motion is appropriate at this time. The Court concludes that this is not the rare instance in which delaying the fee consideration

2

pending appeal would promote justice and efficiency and therefore denies Seagate's request.[1]

Vaidyanathan seeks to recover fees based on the following lodestar analysis:

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| Stephen J. Snyder, Attorney | 627.75 | $495.00 | $310,736.25 |
| Brent C. Snyder, Attorney | 526.75 | $225.00 | $118,518.75 |
| Craig A. Brandt, Attorney | 53.78 | $375.00 | $20,167.50 |
| Deborah M. Norvold, Paralegal | 530.25 | $190.00 | $100,747.50 |
| Abraham T. Schwager, as Law Clerk | 182.5 | $100.00 | $18,250.00 |
| Abraham T. Schwager, as Document Clerk | 93.25 | $50.00 | $4,662.50 |
| Cara Clausing, Law Clerk | 34.25 | $100.00 | $3,425.00 |
| Total | 2,048.35 |  | $576,507.50 |

Vaidyanathan supports the requested fees with billing records setting forth the time expended on the matter. Seagate asserts that the requested total is unreasonable. Seagate contends that Vaidyanathan seeks an excessive fee award for a single-plaintiff, two-count case. Seagate asserts further that Vaidyanathan's success is only partial and any award should be reduced accordingly.

The Court concludes that the requested award is not unreasonable. While the Court will make reductions based on its review of the rates and billing records as discussed below, attorney fees of $576,507 for this matter are not excessive on their face. The Court also respectfully rejects the argument that the fee award should be reduced based on the Court's dismissal of Vaidyanathan's promissory estoppel claim.

---

[1] Whether to stay execution of the judgment of the Court, including the award of attorney fees, if and when an appeal is filed is a separate issue that will be addressed at that time.

Seagate asserts that the hourly rates requested are excessive. Specifically, Seagate contends that attorney Brent Snyder's rate should be reduced to $200, paralegal Norvold's rate should be reduced to $100, and the rate for law clerk time should be limited to $50. Vaidyanathan supports the rates with affidavits setting forth Brent Snyder's qualifications and experience as an attorney, Norvold's thirty years of experience as a paralegal working with Stephen Snyder, and the qualifications of the law clerks who worked on this matter. The Court concludes that $225 is a reasonable rate for Brent Snyder's time and $190 is a reasonable rate for Norvold's time. The Court agrees with Seagate, however, that $50 is an appropriate rate for law clerk time and reduces the award accordingly.

Seagate also contends that fees should not be awarded for certain tasks reflected in the billing records. Seagate asserts that Vaidyanathan should not be awarded fees incurred before counsel was formally retained. Seagate contends that fees should not be awarded for work related to a 30(b)(6) deposition that did not take place and work related to unnecessary motions, including Vaidyanathan's unsuccessful summary judgment motion. Seagate also asserts that the billing records reflect excessive time for certain tasks such as responding to Seagate's summary judgment motion and motions *in limine*, moving *in limine* to exclude Seagate's damages expert, and preparing for and reviewing depositions. Seagate argues that various billing records reflect duplicative work for which fees should not be awarded.

Vaidyanathan responds that Seagate's method of grouping the billing records into specific categories and tasks exaggerates Vaidyanathan's fee request. Vaidyanathan

4

asserts that when a plaintiff obtains excellent results, a fee award should not be reduced simply because a plaintiff did not prevail on every contention.  Vaidyanathan also asserts that it was not improper or unreasonable to have multiple attorneys working on the matter and that Vaidyanathan's counsel, Stephen Snyder, reviewed the billing records and deleted any excess time.

The Court has reviewed the billing records.  The Court agrees with Vaidyanathan that Seagate's method of grouping the records by certain categories and tasks exaggerated the requested fees.  The Court also concludes, however, that based on the record before the Court and the Court's consideration of the experience of counsel, the amount of time spent on certain matters is excessive in light of the results obtained and tasks completed.  The Court therefore deducts $30,000 to reflect excessive or unnecessary time spent on the 30(b)(6) deposition and Vaidyanathan's summary judgment motion.  The Court also deducts $1,900 for fees incurred before Vaidyanathan retained counsel.

Seagate also asserts that attorney Brandt's time should be excluded from any award.  Seagate asserts that Brandt did not appear in the case until shortly before trial and many of his billing entries are for activities aimed at learning about the case or keeping abreast of what was happening.  Vaidyanathan responds that Brandt provided assistance during a period of intense activity just before and during trial.  The Court finds that many of Brandt's billing entries indicate time spent reviewing materials and do not support a fee award.  The Court accordingly reduces to 10 hours the portion of the award based on Brandt's billing entries.

The Court thus awards Vaidyanathan $517,352.50 in attorney fees. Vaidyanathan requests that the Court also award interest from the date of this order. Vaidyanathan asserts that he is entitled to interest because Minn. Stat. § 181.65 directs that the fee award be taxed as costs. Seagate responds that the imposition of interest is neither required nor necessary to justice and should not be granted. The Court declines to award the requested interest.

## CONCLUSION

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Vaidyanathan's Motion for Award of Attorneys' Fees (Doc. No. [202]) is **GRANTED IN PART** and **DENIED IN PART** as follows: Vaidyanathan shall recover attorney fees in the amount of $517,352.50.


Dated:  March 11, 2011                     s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge