UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chandramouli Vaidyanathan, individually,

    Plaintiff,

v.

Seagate US LLC, a Delaware limited liability company; and Seagate Technology, LLC, a Delaware limited liability company,

    Defendants.

Civil No. 09-1212 (DWF/JSM)

**MEMORANDUM OPINION AND ORDER**

Brent C. Synder, Esq., Stephen J. Snyder, Esq., and Craig A. Brandt, Esq., Snyder & Brandt, P.A., counsel for Plaintiff.

Stephanie D. Sarantopoulos, Esq., Holly M. Robbins, Esq., Marko J. Mrkonich, Esq., and Rhiannon C. Beckendorf, Esq., Littler Mendelson, PC; and Aaron D. Van Oort, Esq., Faegre & Benson LLP, counsel for Defendants.

## INTRODUCTION

This matter is before the Court on a Motion for Award of Additional Attorneys' Fees brought by Plaintiff Chandramouli Vaidyanathan. For the reasons set forth below, the Court grants in part and denies in part the motion.

## BACKGROUND AND DISCUSSION

Vaidyanathan's Complaint alleged that Defendants Seagate US LLC and Seagate Technology, LLC (collectively, "Seagate") made misrepresentations that induced him to accept a position at Seagate and move from Texas to Minnesota. He asserted two claims:

a statutory claim based on Minn. Stat. §§ 181.64-.65 and a common-law promissory estoppel claim. On the statutory claim, the jury found for Vaidyanathan and awarded $1,900,000 in damages.

In addition to damages sustained for a violation of section 181.64, section 181.65 grants "the right to recover such attorney fees as the court shall fix." Minn. Stat. § 181.65. Earlier, the Court awarded Vaidyanathan $517,352.50 for attorney fees incurred through December 10, 2010, the date the Court entered judgment in Vaidyanathan's favor on the jury award. (Doc. No. 232.) Vaidyanathan now seeks an additional award in the amount of $97,655 for attorney fees incurred after judgment was entered and through post-trial motions. Seagate opposes the motion. Seagate asserts that the requested total is excessive on its face and seeks to recover for work that was unnecessary, redundant, inefficient, and otherwise not compensable.[1]

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency

---

[1] Seagate requests that the Court stay the determination on fees pending appeal. The Court concludes, just as it did in ruling on Vaidyanathan's initial fee motion, that this is not the rare instance in which delaying the fee consideration pending appeal would promote justice and efficiency and therefore denies Seagate's request.

with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

Vaidyanathan seeks to recover fees based on the following lodestar analysis:

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| Stephen J. Snyder, Attorney | 85.75 | $495.00 | $42,446.25 |
| Craig A. Brandt, Attorney | 122.9 | $375.00 | $46,087.50 |
| Brent C. Snyder, Attorney | 10.25 | $225.00 | $2,306.25 |
| Deborah M. Norvald, Paralegal | 22.25 | $190.00 | $4,227.50 |
| Abraham T. Schwager, Law Clerk | 10.5 | $50.00 | $525.00 |
| Cara Clausing, Law Clerk | 2.75 | $50.00 | $137.50 |
| Noelle Oas, Law Clerk | 38.5 | $50.00 | $1,925.00 |
| Total | 292.9 |  | $97,655.00 |

Vaidyanathan supports the requested fees with billing records setting forth the time expended on the matter.

Seagate asserts that the requested total is unreasonable and that Vaidyanathan has failed to support the requested award. Seagate thus asks the Court to deny Vaidyanathan's petition in its entirety. In the alternative, Seagate argues that Vaidyanathan should not recover for excessive time spent on certain tasks.

Seagate has grouped the submitted billing records into four categories: Vaidyanathan's response to Seagate's Motion for Judgment as a Matter of Law, a New Trial, or Remittitur ("JMOL Motion"); Vaidyanathan's Motion for an Award of Attorneys' Fees ("First Fee Motion"); settlement discussions; and Vaidyanathan's Bill of Costs. Seagate has then assigned individual billing entries to these categories based on Seagate's own assessment of the task descriptions provided by Vaidyanathan's counsel. According to Seagate's calculations, Vaidyanathan seeks $36,285.02 for fees related to

3

the First Fee Motion; $44,756.89 for fees related to the JMOL Motion; $10,314.38 for fees related to the Bill of Costs; and $3,873.75 for fees related to settlement.

Seagate asserts that the requested fees for the First Fee Motion should be denied in their entirety as not constituting reasonable fees under Minn. Stat. § 181.65. In the alternative, Seagate contends that the total should be reduced by $23,948.11, a 66% decrease. Seagate also asserts that the fees for the JMOL Motion should be reduced by $14,769.77, a 33% decrease. Seagate argues that the issues involved in the JMOL Motion had largely been briefed at trial and on summary judgment and the record should have been fresh in counsel's mind. As to the Bill of Costs and settlement, Seagate asserts the Court should exercise its discretion and deny fees for those tasks altogether. Seagate raises additional objections to the requested fees, including that they include administrative tasks, tasks that are not specific to this case, and time spent fixing time entries. Seagate asks that if the Court does not exercise its discretion to deny the entire requested award, then the Court should grant no more than $42,986.49.

The Court concludes that Vaidyanathan is entitled to reasonable attorney fees related to post-trial motions, including the initial fee motion. The Court finds, however, that while Vaidyanathan has made his request for attorney fees in good faith, the amount requested here is excessive in light of the tasks accomplished. In particular, the Court agrees with Seagate that many of the substantive issues raised in the JMOL Motion were briefed and argued either at summary judgment or during trial and the record should have been fresh in counsel's mind. Accordingly, the Court has reviewed the submitted billing records and determined that it will reduce the award as follows: the hours for Attorney

Steven J. Snyder will be reduced from 85.75 to 60, the hours for Attorney Craig A. Brant will be reduced from 122.90 to 70, and the hours for the three law clerks will be reduced from 51.75 to 25.  The Court thus awards Vaidyanathan $63,733.75 in additional attorney fees.

## CONCLUSION

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Vaidyanathan's Motion for Award of Additional Attorneys' Fees (Doc. No. [202]) is **GRANTED IN PART** and **DENIED IN PART** as follows:  Vaidyanathan shall recover additional attorney fees in the amount of $63,733.75.


Dated:  May 20, 2011                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge