# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Chandramouli Vaidyanathan, individually,

Civil No. 09-1212 (DWF/JSM)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**

Seagate US LLC, a Delaware limited liability company; and Seagate Technology, LLC, a Delaware limited liability company,

Defendants.

---

Brent C. Synder, Esq., Stephen J. Snyder, Esq., and Craig A. Brandt, Esq., Snyder & Brandt, P.A., counsel for Plaintiff.

Stephanie D. Sarantopoulos, Esq., Holly M. Robbins, Esq., Marko J. Mrkonich, Esq., and Rhiannon C. Beckendorf, Esq., Littler Mendelson, PC; and Aaron D. Van Oort, Esq., Faegre Baker Daniels LLP, counsel for Defendants.

---

This matter came before the Court for a pre-trial hearing on February 14, 2013. It is the Court's intent, as suggested during the hearing, that this case will be tried in substantially the same manner and with the same rulings as the first trial, with the exception that the Court will follow the mandate of the Eighth Circuit with respect to the jury instruction that defined the phrase "knowingly false representation." (Doc. No. 254.)

Consistent with and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff's Motion to Exclude Certain Expert Testimony from Dr. Mark Meitzen (Doc. No. [310]) is **GRANTED in part** and **DENIED in part** as follows:

    a. Consistent with the first trial, neither Dr. Meitzen nor Barry Crawford shall be permitted to testify or render an opinion as to when and if Plaintiff will obtain other employment as an engineer. Specifically, Dr. Meitzen will not be permitted to testify with respect to the 91-week period, Dr. Meitzen will not be permitted to calculate damages on a post-tax basis, and Dr. Meitzen is precluded from including unemployment compensation received by Plaintiff in 2008 and 2009 as additional compensation. Once a jury verdict is returned, any issues that relate to post-tax issues or other issues that may related to damages shall be determined by the Court.

    b. With respect to the untimely new expert report submitted by Defendants on January 30, 2013, there will be no testimony received from Dr. Meitzen unless it was fully disclosed and consistent with the methodologies utilized in his 2009 report. As the Court noted at the hearing, the Court views Dr. Meitzen's report as a new and entirely

different report with a substantially different methodology vis-à-vis a supplemental report as permitted. The Court incorporates into this ruling its remarks off the bench on February 14, 2013. This ruling would be the same even if the report was considered timely by the Court.

    c.    Consistent with the prior rulings of the first trial, the Court notes that whether Dr. Meitzen or Mr. Crawford is an accountant or an economist, there is insufficient foundation for either Dr. Meitzen or Mr. Crawford to render an opinion as to when Plaintiff is expected to be back to work.

    d.    Neither Dr. Meitzen nor Mr. Crawford will be permitted to testify as to whether Plaintiff's job search efforts have been reasonable.

    e.    Absent further order of the Court, there is no foundation for either Dr. Meitzen or Mr. Crawford to make projections on profitability or income as to the current business of the Plaintiff. However, the Defendants will be able to cross-examine the Plaintiff, as they deem appropriate, as to the value of his business and its prospect for profitability. The Court reserves the right to allow some limited testimony about the current job market for engineers and yield engineers generally.

    f.    Dr. Meitzen will not be permitted to testify with respect to any calculations relating to the concept of a "reservation wage," that is to say, the wage at which an individual would accept paid employment. There is no foundation for the assertion that Plaintiff's self-reported income

presents a more complete picture of the value he places on his business or Plaintiff's view of anticipated or actual profit that he has reaped or anticipates reaping from his business. However, counsel for the Defendants is free to cross-examine Plaintiff on these issues, including what wages Plaintiff was asserting he had received or was receiving, and what minimum wage Plaintiff would expect and why.

2. Plaintiff's Motion to Exclude Evidence Regarding Employment Opportunities that are Not Substantially Equivalent (Doc. No. [321]) is **GRANTED in part** and **DENIED in part** as follows:

a. Defendants may cross-examine Plaintiff about his efforts to obtain employment, including what effect, if any, his current business has had on his efforts to seek employment. The Court notes that Plaintiff, in his deposition, denied that he has reduced his efforts in looking for substantially equivalent employment. Moreover, the Court will permit the Defendants to cross-examine Plaintiff on certain positions that they assert have been available and whether these positions are substantially similar or substantially equivalent with respect to the job posting and job searching exhibits that were suggested at trial. While those exhibits will not be admissible at trial before the jury or allowed to be displayed to the jury for illustrative purposes, absent further ruling of this Court, the Court will permit an examination of the Plaintiff, provided that the Defendants have a good faith basis to inquire on the issue of the reasonableness of Plaintiff's

job seeking efforts for substantially similar or equivalent positions. This ruling is based on the Court's finding that there is no foundation for these exhibits at this time, and that these exhibits are otherwise inadmissible on Rule 403 grounds, even if the Court does not consider them to be hearsay as asserted by the Plaintiff. The issue of whether the Court will permit any extrinsic evidence in the event that these exhibits are offered during, or at the conclusion of, the examination of the Plaintiff, is premature.

3. Defendant's Motion to Exclude the Testimony of Roger Rolbiecki (Doc. No. [284]) is **DENIED** in substantial part as stated on the record. The Court is providing to counsel a proposed redacted transcript of Rolbiecki's testimony for the parties' consideration. The redacted transcript of Rolbiecki's testimony for the parties' consideration, consistent with the Court's ruling, is attached as Exhibit A.

4. Defendant's Motion to Exclude the Expert Report and Testimony of Barry Crawford (Doc. No. [301]) is **GRANTED in part** and **DENIED in part** as follows:

    a. Mr. Crawford will be permitted to testify consistently with the subject areas covered during the first trial in this matter, including what Plaintiff's damages would be in the event that he is unable to find substantially similar employment. However, consistent with the first trial and with the Court's ruling with respect to Dr. Meitzen, Mr. Crawford is prohibited from testifying as to the following subject matters areas:

        1) whether or not Plaintiff has been reasonable in his job search efforts; and

5

          2)      whether Plaintiff will be able to work again in a substantially similar position.

    b.      The Court will not permit Mr. Crawford to testify as to his projections on the profitability of Plaintiff's business, or on the viability or valuation of the business. There is no foundation for those opinions and the objection does not go the weight of the evidence, given the insufficient methodology that Mr. Crawford utilized to evaluate the value of Plaintiff's business and to make projections as to its viability and lack of profitability, including the speculative nature of Mr. Crawford's evaluation of the growth rate of the business.

5.     Defendant's Motion to Exclude References to Prior Verdict or Outcome (Doc. No. [288]) is **GRANTED** in substantial part as stated on the record. The Court will draft a curative jury instruction to explain the date of the present trial.

6.     Defendant's Motion to Exclude the Expert Report and Testimony of James Jensen (Doc. No. [315]) is **DENIED** consistent with the Court's ruling in the first trial.

7.     Defendant's Motion to Exclude Evidence, Testimony, and Instructions Regarding Disputes Over the Re-imaging of Plaintiff's Laptop (Doc. No. [295]) is **GRANTED in part** and **DENIED in part** as stated on the record. The Court reserves the right to give a spoliation instruction if the evidence warrants.

8. Defendant's Motion to Preclude Plaintiff's Promissory Estoppel and Front Pay Claims from Submission to the Jury (Doc. No. [291]) is **GRANTED in part** and **DENIED in part** as stated on the record.

Dated: March 27, 2013            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge